JOHN O. ANDERSON, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED MARCH 11, 1921. No. 21659.

1. Appeal: AFFIRMANCE. A verdict of the jury, which is not contrary to law, will not be set aside, where there is competent evidence to support it, unless this court can, from the record, say that the verdict is clearly wrong, or that it is the result of passion, prejudice or mistake.

2. ———: INSTRUCTIONS: PRESUMPTION. Though it may appear prob-
able, it will never be presumed, that the jury disregarded one of
the instructions given by the court, where the record does not
positively and affirmatively show such to be the fact.

APPEAL from the district court for Dawson county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*C. A. Magaw, T. M. Hewitt, T. F. Hamer* and *T. W. Bockes,* for appellant.

*Cook & Cook* and *W. A. Stewart, contra.*

FLANSBURG, J.

Action for damages alleged to have been caused to crops
and personal property by flood resulting from the defend-
ant's railroad embankment. Plaintiff recovered a judg-
ment, and defendant appeals.

The defendant's principal objection is that the evidence
is insufficient to support the verdict. Plaintiff's testimony
is to the effect that he is the owner of a farm, and that the
defendant's railroad runs across the south part of his
land; that the land in this territory slopes from the north-
west to the southeast, and that just north of the railroad
is a pond of water which is fed by waterways, extending
from the northwest. It is the contention of the defendant
that the evidence is insufficient to show that the railroad
embankment interrupts any natural waterway. On this
question maps were introduced showing elevations, and
the testimony in behalf of the plaintiff is to the effect
that the waterway to the north of the railroad, which
empties into the pond, can also be identified and traced
as it passes to and beyond the railroad to the south. South
of the railroad the waterway is said to extend southeast,
and appears as a depression, about two feet deep, across a
meadow. The rains during the period preceding the flood
were very excessive, and the water was backed up from
the defendant's railroad embankment over the plaintiff's
land and remained there for weeks. In the face of the testi-
mony in behalf of the plaintiff, we are unable to say that
the jury's verdict, to the effect that the railroad embank-

ment interfered with a natural waterway and was responsible for the flooding of plaintiff's crops, is clearly wrong. The trial judge passed upon the testimony and found it sufficient and overruled the motion for a new trial. We are unable to say that the verdict should be set aside.

The defendant further complains that the jury disregarded one of the instructions of the court. By that instruction, the court directed the jury to find for the defendant, in case the jury should determine that the damage to the crops complained of was caused partly by rainfall, for the reason that there was no evidence to separate the damage caused by the back-water.

Plaintiff had claimed damage in the amount of $2,512, but the jury's verdict was $1,050. The defendant argues that the jury must have arrived at this amount as damages by reason of the finding that the damage had been caused in part by rainfall. Such conclusion does not necessarily follow. It was shown that other like crops in the vicinity were not injured by the rains. It was within the province of the jury to determine the amount of the plaintiff's damage, and it may have been that the jury, instead of finding that the total amount of damage was $2,512, as the plaintiff claimed, and that a part of such total damage was caused by rainfall, found that the total damage was $1,050 only.

Defendant raises no other objections, and we see no reason for a reversal of the case. It is therefore

AFFIRMED.